**Harry E. EAKIN, as the Insurance Commissioner of the Department of Insurance of the State of Indiana, Appellant (Petitioner Below),**

v.

**AMERICAN UNDERWRITERS GROUP, INC., Appellee (Respondent Below).**

No. 49A02–8903–CV–105.

Court of Appeals of Indiana, Second District.

April 10, 1990.

Rehearing Denied June 5, 1990.

David M. Haskett, Julia M. Blackwell, Locke Reynolds Boyd & Weisell, Indianapolis, for appellant.

Howard Kahlenbeck, Jr., Mark J.R. Merkle, Krieg DeVault Alexander & Capehart, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Harry E. Eakin, as the Insurance Commissioner (Commissioner) of the Department of Insurance of the State of Indiana (Department) appeals the adverse judgment in its action against American Underwriters Group, Inc. (AUG).

We reverse.

### ISSUE

1. Whether AUG, the attorney-in-fact for American Interinsurance Exchange (AIE), an unincorporated association in rehabilitation, is subject to the provisions of IC 27–9 providing for delinquency proceedings by the Commissioner.

2. Whether the Commissioner met his burden of proving AUG is in such condition as to render the continuance of its business financially hazardous to its policyholders, creditors or the public.

### FACTS

The facts are undisputed.

AIE is a reciprocal insurer organized under the interinsurance provisions of IC 27–6–6–1 *et seq.* AUG is an Indiana corporation organized under the Indiana Business Corporation Law, IC 23–1.

AUG is the attorney-in-fact for AIE and was issued an "Inter–Insurance Certificate of Authority" by the Department. The certificate reads:

> Whereas, American Underwriters Group, Inc., Attorney-in-fact for certain individuals, partnerships and corporations desiring to exchange contracts of inter-insurance under the name and designation of American Interinsurance Exchange with the principal office of such exchange located at Indianapolis in the State of Indiana has complied with the laws of Indiana authorizing and regulating the exchange of such contracts:
>
> Now, Therefore, the said American Underwriters Group, Inc. as such Attorney-in-fact, and as far as it may be legally empowered by it's [sic] letter of appointment as such attorney, is hereby authorized and empowered to issue and exchange contracts of inter-insurance un-

der the name and designation of American Interinsurance Exchange at Indianapolis in the state of Indiana insuring the members of such exchange in this State against loss ... for the year ending perpetual unless suspended or revoked.

Record at 311. Accordingly, every insured/insurer executed a "Power of Attorney and Subscribers' Agreement." It reads:

> Subscriber authorizes Attorney-in-Fact, on Subscriber's behalf, to effect, modify and terminate contracts containing such terms as Attorney-in-Fact may deem suitable to provide any and all forms of insurance; to collect all monies due; to give, waive, or receive all notices and proof of losses; to settle all losses and claims under insurance contracts herein authorized; to cede and assume reinsurance; to accept and authorize others to accept service of process and appear in behalf of Subscriber in any suits, actions or proceedings, and to bring, prosecute, defend or otherwise settle suits, actions or proceedings; to perform every act not herein specified that the Subscriber could individually perform in relation to any contract herein authorized, appropriate to its proper and lawful execution and performance; ...
>
> Subscriber authorizes the Attorney-in-Fact to pay out of the funds of Subscriber the cost of reinsurance, collection expense, investment expenses, losses, damages, judgments, court costs, legal expenses, loss adjustment expenses, license fees, taxes, inspection expenses, audits, examinations, rating bureaus, insurance trade and service organizations, bonds as required herein, brokerage and agency expenses and commissions.

Record at 313.

In addition, AUG's obligations and duties to the subscribers of AIE and to the Department are regulated by statute. *See* IC 27–6–6–1 *et seq.*

AUG deducted 15% of all monies received and due AIE as a fee for its services. As of December 31, 1987 AUG had overpaid itself fees in the amount of $91,238. In

addition, by the time of the hearing on the rehabilitation petition AUG had failed to make payment of a $750,000 debenture due AIE on June 28, 1988. Also, at the hearing, the undisputed evidence was that AUG was insolvent by approximately $370,000.

On April 6, 1988 the Commissioner filed a petition for the rehabilitation of AIE. On that same day, AIE was placed into rehabilitation after consent was given by AUG's Board of Directors pursuant to IC 27–9–3–1 (1988). On May 4, 1988 the Commissioner filed a petition to rehabilitate AUG on the grounds reasonable cause existed to believe AUG was in such condition as to render the continuance of its business financially hazardous to the public, to AIE, and to AUG's creditors. The trial court denied the petition after a hearing, and the Commissioner appeals.

## DECISION

### I.

The first issue is one of statutory construction: did the legislature give the Department authority to petition for the rehabilitation of AUG under IC 29–9 (article 9). Principles of the common law of agency are irrelevant.

AUG is an insurer doing business in Indiana because it has done and is licensed to do insurance business under a license or certificate of authority as an insurer issued by the Department, and it is, therefore, subject to article 9.

IC 27–9–1–1 (1988) provides article 9 applies to, among others, "(1) [a]ll insurers who are doing, or who have done, insurance business in Indiana, and against whom claims arising from that business may exist." In turn, IC 27–9–1–2(m) (1988) defines "insurer" as "any person who: (1) has done, purports to do, is doing, or is licensed to do insurance business; and (2) is subject to the authority of any insurance commissioner as to liquidation, rehabilitation, reorganization, supervision, or conservation." The remaining relevant term, "doing business," includes:

(1) The issuance or delivery of contracts of insurance to persons resident in Indiana.

(2) The solicitation of applications for contracts or other negotiations preliminary to the execution of contracts.

(3) The collection of premiums, membership fees, assessments, or other consideration for contracts.

(4) The transaction of matters subsequent to execution of contracts and arising out of them.

(5) Operating under a license or certificate of authority, as an insurer, issued by the insurance department.

IC 27–9–1–2(e) (1988).

AUG has a certificate of authority issued by the Department as provided by IC 27–6–6–9 (1988):

Upon compliance with the requirements of this chapter, the insurance department shall *issue a certificate of authority or a license to the attorney* authorizing him to make such contracts of insurance and shall contain the name of the attorney, the location of the principal office, and the name or the designation under which such contracts of insurance are issued....

(Emphasis added.) The certificate of authority is thus issued to AUG as the attorney and authorizes AUG "to make contracts of insurance," albeit in the name of AIE. Hence, AUG is an insurer because it is licensed to do insurance business by the Department and has operated under that license. In addition, claims arising from AUG's "doing business" exist. The undisputed evidence is AIE is owed over $91,000 for overpayments AUG made to itself for service fees. Further, AUG has failed to make payment to AIE of a matured debenture in the face amount of $750,000. Thus, AUG is subject to the authority of the Commissioner as to rehabilitation under IC 29–9.

In conclusion, as a matter of law, AUG is an insurer who has done insurance business in Indiana and against whom claims arising from that business exist. Therefore, IC 27–9 applies to AUG and the trial

court erred, as a matter of law, in concluding otherwise.

### II.

The second issue is whether the Commissioner met his burden of proving AUG "is in a condition that the further transaction of business would be hazardous, financially, to its policyholders, creditors or the public," the statutory predicate to the Commissioner's petition for AUG's rehabilitation.

The undisputed evidence presented at the hearing is that AUG was insolvent by approximately $370,000 and that it owed AIE over $841,000. The only reasonable inference from this evidence is that the continued transaction of business by AUG is financially hazardous to its creditor, AIE. Thus, as a matter of law, the Commissioner met his burden of proving the statutory prerequisite for his petition to rehabilitate AUG.

Judgment reversed and cause remanded to the trial court for further proceedings consistent with this opinion.

RATLIFF, C.J., and BUCHANAN, J., concur.